UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of<br>IGOR RAYKHELSON,<br><br>For an Order to Conduct Discovery for Use in Foreign Proceedings | Case No. 1:25-mc-00427-VSB<br><br>**OMNIBUS REPLY IN SUPPORT OF MOTION TO INTERVENE AND MOTION FOR RECIPROCAL DISCOVERY** |

**OMNIBUS REPLY IN SUPPORT OF MOTION TO INTERVENE AND MOTION FOR RECIPROCAL DISCOVERY**

Pending before the Court are movant VSMPO-AVISMA Corporation's ("VSMPO") Motion to Intervene (Doc. No. 10) and Motion for Reciprocal Discovery (Doc. No. 12, collectively with Doc. No. 10, "Motions"), to which applicant Igor Raykhelson ("Raykhelson") has filed an Omnbibus Response in Opposition (Doc. No. 18) ("Opposition"). For the reasons set forth herein, VSMPO respectfully requests that the Court grant the Motions.

## I. INTRODUCTION

After ignoring VSMPO's request for reciprocal discovery and forcing VSMPO to file its Motion for Reciprocal Discovery (*see* Exhibit A (VSMPO counsel's correspondence to which there was no response)), Raykhelson now purports to agree. But the agreement that Raykhelson is willing to entertain falls short of what VSMPO has requested, and what it is entitled to. Raykhelson

does not agree to reciprocal discovery as requested in the Motion for Reciprocal Discovery but rather conditions any sharing of documents on contingent events he knows are unlikely to occur. The Court should see this position for what it is: an attempt to moot the Motions to ultimately prevent VSMPO from protecting its interests in this action. Because there remains a controversy as to reciprocal discovery, the Motion for Reciprocal Discovery is not moot.

As for the Motion to Intervene, there are two roads to intervention: intervention as of right and permissive intervention. Raykhelson argues that VSMPO lacks standing because it does not meet the criteria for intervention as of right, insofar as it has no interest in this action. But VSMPO has an interest in this action because the controversy as to reciprocal discovery remains unresolved. Raykhelson also seeks discovery that he intends to use against VSMPO in the underlying criminal proceedings and in pending arbitral proceedings, which confers VSMPO an additional interest in the present 1782 action. Therefore, VSMPO has standing. Finally, Raykhelson does not respond to VSMPO's arguments about permissive intervention, thereby implicitly conceding this issue.

## II. ARGUMENT

### A. A Ruling on the Motion for Reciprocal Discovery Is Warranted

Raykhelson purports not to oppose VSMPO's Motion for Reciprocal Discovery. However, the Opposition expressly states that Raykhelson "agrees to provide VSMPO with copies of documents received [. . .], *once a full production has been made by all subpoena recipients*." (Doc. No. 18 at 3 (emphasis added)). Raykhelson therefore conditions any reciprocal discovery on contingent events that are not within VSMPO's control, *i.e.*, that each and every target of Raykhelson's 1782 Motion fully complies with the subpoenas. Raykhelson knows that this is unlikely to occur. And even if it did, Raykhelson would only have to share the documents with VSMPO well after receiving them, which would disadvantage VSMPO as to timing. There is

nothing reciprocal about this, and no reason for it. For obvious reasons, this is not what VSMPO requests in its Motion for Reciprocal Discovery. (*See generally* Doc. No. 12). VSMPO's request is fair and simple: it wants access to the same documents as Raykhelson to defend its rights in the underlying proceedings on a level playing field. Those documents should be produced to VSMPO as they are received.

By offering reciprocal discovery on different and contingent terms (to ultimately avoid sharing any documents with VSMPO) Raykhelson *de facto* opposes the Motion for Reciprocal Discovery because granting the Motion would yield a different result than accepting Raykhelson's "stipulation." Tellingly, the Opposition states that Raykhelson does not oppose the "request for reciprocal discovery" but not that he does not oppose the Motion for Reciprocal Discovery itself. (*See* Doc. No. 18 at 3). Because Raykhelson does not agree to the relief the Motion for Reciprocal Discovery seeks, the Motion is not moot. *See G2A.COM Sp. z o.o. (Ltd.) v. United States*, No. CV 17-MC-177-LPS, 2018 WL 4219237, at *2 (D. Del. Sept. 5, 2018), *aff'd*, 789 F. App'x 296 (3d Cir. 2019) (motions not moot where the court could still grant part of the relief sought); *Hologram USA Inc. v. Pulse Evolution Corp.*, No. 214CV00772GMNNJK, 2016 WL 3663942, at *1 (D. Nev. July 7, 2016) (promise to search and produce the documents at issue did not moot motion to compel because "[a]n undertaking to produce documents is not equivalent to producing them and, thus, cannot defeat a motion to compel"); *see also Celtig, LLC v. Patey*, No. 2:17-CV-01086-JNP, 2021 WL 268944, at *3 (D. Utah Jan. 27, 2021) (motion not moot where the judgement entered was not exactly the same as the judgment sought); *Physicians Healthsource Inc v. Masimo Corp.*, No. SACV1400001JVSADSX, 2019 WL 1966663, at *3 (C.D. Cal. Feb. 27, 2019) (order granting different relief than what the motion sought did not moot the motion).

Purporting to agree to reciprocal discovery while, in fact, disagreeing with the relief sought

in the Motion for Reciprocal Discovery is misleading. It is also yet another instance of the gamesmanship VSMPO has had to endure in this and related proceedings. This gamesmanship is exactly why VSMPO filed its Motion for Reciprocal Discovery. Indeed, VSMPO has reached out to Raykhelson's counsel in a good-faith attempt to agree on reciprocal discovery without judicial intervention but did not receive an answer. Raykhelson seeks to position himself never to provide the documents he receives to VSMPO (until each and every target has fully responded), and to be the gatekeeper to any disclosures that he deems appropriate to make. This offer will not ensure the parity sought by VSMPO but rather defeat it. This, alone, warrants a hands-on approach by the Court, inasmuch as an order on the pending Motion would impose enforceable obligations. *See Daval Steel Prods., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1364 (2d Cir. 1991) ("there must be a valid [discovery] court order in force before sanctions may be imposed"). *Richards v. Kallish*, No. 22-CV-9095 (CS) (VR), 2024 WL 180869, at *9 (S.D.N.Y. Jan. 17, 2024) (sanctions unwarranted where the defendants engaged in discovery gamesmanship but did not strictly defy a court order); *Seena Int'l, Inc. v. One Step Up, Ltd.*, No. 15CV01095PKCBCM, 2016 WL 2865350, at *14 (S.D.N.Y. May 11, 2016) (discovery gamesmanship not redressable without a court order).

Accordingly, VSMPO respectfully requests that the Court rule on its Motion for Reciprocal Discovery and enter an Order directing Raykhelson to produce all materials received, as they are received.[1]

**B. The Court Should Grant the Motion to Intervene**

Raykhelson argues that the Court should deny the Motion to Intervene for two reasons. First, he argues that VSMPO lacks standing to intervene because he agreed to reciprocal discovery

[1] For the reasons set forth below, such an order would not moot the Motion to Intervene, deprive VSMPO of an interest in this action, or otherwise affect its standing. (*See* Section B, *infra*).

and because VSMPO cannot object to or seek to modify the sought subpoenas. (*See* Doc. No. 18 at 3). Second, he argues that VSMPO does not meet the requirements for intervention as a matter of right.[2] (*Id.*). For the reasons set forth below, these arguments are meritless.

1. VSMPO Has Standing to Seek Intervention

For the reasons set forth above (*see* Section A, *supra*), Raykhelson's purported agreement does not moot VSMPO's motion, and issues related to reciprocal discovery remain unresolved. This, alone, is fatal to the argument that VSMPO has no standing to seek intervention given that VSMPO has an interest in resolving these issues.

In any event, it is well settled that parties against whom the requested information will be used have standing to challenge discovery orders directed at third parties. *See Application of Sarrio, S.A.*, 119 F.3d 143, 148 (2d Cir. 1997) (collecting cases); *In re Bourlakova*, No. 24-MC-71 (JPO), 2024 WL 4839047, at *2 (S.D.N.Y. Nov. 20, 2024), *aff'd*, No. 24-3187-CV, 2025 WL 1733495 (2d Cir. June 23, 2025)).

Here, Raykhelson intends to use the information in criminal proceedings, in which VSMPO is a victim, has a right to participate, and intends to seek restitution. (*See* Doc. No. 12-2 ¶¶ 33–51). In accordance with Russian law, VSMPO will seek restitution directly in those proceedings. (*See id.*). In addition to seeking restitution, VSMPO has the right to submit evidence, which VSMPO intends to do, and the right to request judicial review of the outcome, which VSMPO may do. (*See id.*). Moreover, the parties are engaged in arbitral proceedings in Switzerland. (*See* Doc. No. 12 at 7–8). Raykhelson did not disclaim his intent to use the discovery against VSMPO in these arbitral proceedings, which would not be a proper foreign proceeding.

On this basis, and as set forth in the Motion to Intervene (*see* Doc. No. 10 at 2–3), VSMPO

[2] He does not respond to VSMPO's arguments regarding permissive intervention or otherwise argue against it.

submits that any discovery obtained pursuant to this action will be used against it. Accordingly, VSMPO has standing to seek intervention.

2. <u>VSMPO Meets the Requirements for Intervention as a Matter of Right; In any Event, the Court Should Grant Permissive Intervention</u>

To intervene as a matter of right under Rule 24(a)(2), "an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *In re Ord. To Take Discovery for Use in a Foreign Proceeding Pursuant To 28 U.S.C. § 1782*, No. 1:25-MC-00096 (JLR), 2025 WL 1446876, at *2 (S.D.N.Y. May 20, 2025) (quoting *N.Y. News, Inc. v. Kheel*, 972 F.2d 482, 485 (2d Cir. 1992)).

Without disputing that the remaining three requirements are met (*see generally* Doc. No. 18), Raykhelson argues that VSMPO does not meet the second requirement because it has no interest in this action based on Raykhelson's purported agreement to reciprocal discovery and because the documents sought relate to transactions of third parties. (*See* Doc. No. 18 at 3–4). The Opposition cites no authority in support of these arguments.

The argument concerning Raykhelson's purported agreement to reciprocal discovery fails for the reasons discussed above. (*See* Section A, *supra*). Next, his position that the documents sought relate to transactions of third parties is unconvincing because it is undisputed that VSMPO has a direct interest in two proceedings, in which Raykhelson may (and intends to) use the documents he seeks here. Indeed, courts have recognized a sufficient interest to intervene in a 1782 action seeking third-party subpoenas where the applicant may use the information in litigation against the intervenor. *See, e.g.*, *In re Sabag*, No. 119MC00084JPHTAB, 2020 WL 2732343, at *2 (S.D. Ind. May 22, 2020).

In *Sabag*, the applicant filed a 1782 application seeking discovery from third parties. *See*

*id.* at *1. Two intervenors filed a motion to intervene on the basis that the applicant may use the documents in criminal and arbitral proceedings against them. *See id.* at *1–2. In response, the applicant argued that the intervenors lacked a sufficient interest in the third-party subpoenas. *See id.* at *2. After noting that no criminal matter proceedings were pending, the court focused its discussion on arbitral proceedings and, with respect to the second and third requirements of Rule 24(a)(2), noted:

> [the first intervenor] alleges that [the applicant] may be using this discovery order to seek information to ultimately use in a pending arbitration case in New York that [the applicant] recently filed against [the intervenors . . .] and another party. Thus, [the first intervenor] sets forth an interest in ensuring that [the applicant] complies with the requirements of 28 U.S.C. § 1782 and does not use the discovery in any improper manner, and this interest may be impaired if he is unable to intervene.

*Id.* The court likewise granted the motion to intervene as to the second intervenor based on findings that it had an interest in "ensur[ing] that [the applicant] uses his application and the discovery sought appropriately" and that "no party [was] representing its interests in th[e] matter." *Id.* at *3.

*Sabag's* reasoning is applicable here. Indeed, it is undisputed that VSMPO has an interest in the underlying Russian proceedings. *See In re Bouka*, 654 F. Supp. 3d 283, 288 (S.D.N.Y. 2023) ("[a] person is [. . .] 'interested' in the proceedings as required by Section 1782 where [he or she has] 'an established right to provide evidence and have the party to the foreign proceeding consider it.'" (quoting *IJK Palm LLC v. Anholt Servs. USA*, 33 F.4th 669, 678–79 (2d Cir. 2022)); *see also See In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 123 (2d Cir. 2017). (1782 discovery proper "where the applicant is a crime victim authorized to submit the discovery to the foreign tribunal"). It flows from logic that VSMPO has an interest in this 1782 action by virtue of having an interest in the underlying Russian proceedings because Raykhelson seeks documents for the specific purpose of using them in those proceedings. (*See generally* Doc. No. 1). Moreover, arbitral proceedings are pending between Raykhelson and VSMPO. (*See* Doc. Nos. 1 at 2, 12 at 7–8).

Raykhelson may ultimately use the documents he seeks in these arbitral proceedings.[3] Therefore, based on both the criminal and arbitral proceedings, VSMPO has an interest in ensuring that Raykhelson complies with the requirements of Section 1782 in this action and does not misuse the resulting discovery. Further, no party currently represents VSMPO's interests in this action, and they may be impaired if VSMPO cannot intervene.

Accordingly, the requirements for intervention as a matter of right are met. Should the Court disagree, VSMPO submits that permissible intervention is appropriate for the reasons set forth in the Motion to Intervene. [4] (*Dee* Doc. No. 10 at 6–7). It is all the more appropriate because the Opposition fails to address permissive intervention and VSMPO's arguments thereon. *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("[i]ssues not sufficiently argued in the briefs are considered waived").

## III. CONCLUSION

For these reasons, VSMPO respectfully requests that the Court grant the Motions (Doc. Nos. 10, 12).

Dated: December 5, 2025

Respectfully submitted,

**BOIES SCHILLER FLEXNER LLP**

*/s/ Daria Pustilnik*

Daria Pustilnik, Esq. (admitted *pro hac vice*)

---

[3] VSMPO does not agree that this would be proper.

[4] The Court has a broad discretion to determine whether an applicant is entitled to permissive intervention. *See, e.g.*, *In re Hornbeam Corp.*, No. 14MISC424PART1, 2015 WL 13647606, at *2 (S.D.N.Y. Sept. 17, 2015) (citing *In re Bank of N.Y. Derivative Litig.*, 320 F.3d 291, 300 n.5 (2d Cir. 2003), *aff'd*, 722 F. App'x 7 (2d Cir. 2018)).

100 SE Second Street, Suite 2800
Miami, Florida 33131
Tel: (305) 357-8423
Email: dpustilnik@bsfllp.com

E. Martin De Luca
55 Hudson Yards 20th Floor
New York, NY 10001
Tel: (212) 446-2300
Email: mdeluca@bsfllp.com

Marshall Dore Louis (admitted *pro hac vice*)
100 SE Second Street, Suite 2800
Miami, FL 33131
Tel: (305) 539-8400
Email: mlouis@bsfllp.com

*Attorneys for Intervenor VSMPO-AVISMA Corporation*

**CERTIFICATION OF WORD COUNT**

I hereby certify that the word count of this Reply in Support of Motion to Intervene and Motion for Reciprocal Discovery complies with the word limits of Local Rule 7.1(c). According to the word-processing system used to prepare this Memorandum, the total word count for all printed text exclusive of the material omitted under Local Rule 7.1(c) is 2,395 words.

*/s/ Daria Pustilnik*

Daria Pustilnik