UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                                        :
IN RE: APPLICATION OF IGOR                              :
RAYKHELSON, FOR AN ORDER TO                             :        25-MC-427 (VSB) (VF)
CONDUCT DISCOVERY FOR USE IN                            :
FOREIGN PROCEEDINGS.                                    :        **OPINION & ORDER**
                                                        :
--------------------------------------------------------X

Appearances:

M. Zachary Bluestone
Gluck Bluestone, P.C.
New York, NY
*Counsel for Applicant Igor Raykhelson*

E. Martin De Luca
Boies Schiller Flexner LLP
New York, NY

Marshall Dore Louis
Daria Pustilnik
Boies Schiller Flexner LLP
Miami, FL
*Counsel for VSMPO-AVISMA Corporation*

VERNON S. BRODERICK, United States District Judge:

On September 26, 2025, Igor Raykhelson ("Applicant") applied *ex parte* under 28 U.S.C.

§ 1782 to obtain discovery for use in criminal proceedings in Russia (the "Foreign

Proceedings").  (*See* Doc. 1 ("Application") at 1–2.)  Since 2012, Applicant has worked as a

consultant for Interlink Metals & Chemicals AG and has been responsible for facilitating the

supply of American Society for Testing and Materials ("ASTM")-standard titanium scrap metal

from the United States and Europe to Russian companies.  (Doc. 4 at ¶ 19.)  VSMPO-AVISMA

("VSMPO") is a Russian company that manufactures and exports ASTM-quality titanium

products used in the aerospace industry.  (*See id.* ¶¶ 8, 27; Application 2–3, 8.)  Applicant "has

been formally charged with conspiracy to commit fraud for inflating prices on sales to VSMPO under Article 159(4)," and there is "a federal arrest warrant [for Applicant] limited to the territory of the Russian Federation." (Doc. 4 at ¶ 10.) The allegations "against Applicant concern whether sales of titanium scrap were at inflated prices, and whether the Applicant improperly influenced VSMPO's contracting." (*Id.* ¶ 45.) "The allegations stem from the theory that RegionProm, another titanium supplier, offered or sold the same Western Alloy titanium feedstock to VSMPO but not at an inflated price." (Doc. 23 ("R&R" or "Report & Recommendation") at 3–4; *see also* Doc. 4 ¶¶ 45.1, 46.1-46.4, 48.)

The Application "seeks bank wire records to show that RegionProm was selling a different type of titanium, sold at a vastly lower price than the titanium at issue in the alleged conspiracy," which, according to Applicant, will "rebut the fraud allegations and show that RegionProm offered VSMPO different titanium materials than those alleged to be sold at inflated prices, and that the prosecutor's basis for determining that [the] prices were inflated is not credible." (Application 6–7.) "Specifically, in both Foreign Proceedings, Applicant intends to use documentary evidence obtained from the Discovery Targets to show that RegionProm does not makes purchases from suppliers in U.S. Dollars, and therefore does not have Western Alloy Scrap to turn into Western Alloy Charge to then sell to VSMPO. This will provide a defense to the allegations that VPR/TPV sales were inflated by comparison to those supposedly offered by RegionProm." (*Id.* at 18.)

On November 13, 2025, VSMPO filed a motion to intervene in this action, (Doc. 9), and a motion for reciprocal discovery, (Doc. 11), both of which seek the ability to obtain copies of the materials that are provided to Applicant through the Section 1782 subpoenas, (*see* Doc. 10 at 1; Doc. 12 at 1). On November 28, 2025, Applicant filed an omnibus response to the motion to

intervene and the motion for reciprocal discovery.  (Doc. 18.)  In response to the two motions,

Applicant argues that "[t]he Court should deny the motion [to intervene] and simply direct

Applicant to provide VSMPO with copies of any documents obtained under the subpoenas, as

Applicant has agreed to do."  (*Id.* at 2.)  On December 5, 2025, VSMPO filed a reply.  (Doc. 20.)

On February 12, 2026, Magistrate Judge Valerie Figueredo was designated as the

presiding Magistrate Judge.  On that same date, I referred this matter to Magistrate Judge

Figueredo for a Report & Recommendation on the Application, the motion to intervene, and the

motion for reciprocal discovery.  (Doc. 21.)

On May 4, 2026, Magistrate Judge Figueredo issued a thorough 23-page Report &

Recommendation recommending that the Application be granted, the motion to intervene be

denied, and the motion for reciprocal discovery be granted.  (*See* R&R.)  Magistrate Judge

Figueredo recommends that I deny VSMPO's motion to intervene because the requested relief

can be obtained through the motion for reciprocal discovery and "permitting intervention would

only unnecessarily complicate the proceeding."  (*Id.* at 9–11.)  Thus, Magistrate Judge Figueredo

recommends that I grant VSMPO's unopposed motion for reciprocal discovery because VSMPO

"seeks 'precisely what is sought by [Applicant] through his Application' and nothing more,"

"VSMPO avers that it cannot obtain the discovery sought by [Applicant] in the Russian criminal

proceedings because the evidence is  in this District, not Russia, and because [Applicant] is a

fugitive from the Russian proceedings," "VSMPO has a substantial interest in the foreign

proceedings in that it is the victim of the crime at the center of those proceedings and has a right

to seek restitution," and "VSMPO timely moved for reciprocal discovery."  (*Id.* at 10–11

(quoting Doc. 12 at 15).)  Moreover, Magistrate Judge Figueredo also recommends that I grant

the Application because the Application meets the statutory requirements under § 1782 and the

3

discretionary factors from *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) weigh in favor of granting relief.  (*Id.* at 11–22.)

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  "To accept the report and recommendation of a magistrate [judge], to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record."  *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

Although the Report & Recommendation explicitly provided that "the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections" and warned that "[i]f a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal," (R&R 23 (emphasis omitted)), neither Applicant nor VSMPO filed an objection or requested additional time to do so.  I have reviewed Magistrate Judge Figueredo's detailed and well-reasoned Report & Recommendation for clear error and, after careful review, find none.  I therefore ADOPT the Report & Recommendation in its entirety.

The Clerk's Office is respectfully directed to enter judgment in accordance with this Order and to close this case.

SO ORDERED.

Dated: June 2, 2026
         New York, New York

Vernon S. Broderick
United States District Judge

4